## CHAMBERLAYNE v. AMERICAN LAW BOOK CO.

(Circuit Court, E. D. New York. August 4, 1908.)

LITERARY PROPERTY—ACTION FOR INFRINGEMENT OF RIGHTS—PRELIMINARY INJUNCTION.

On motion for a preliminary injunction to restrain the further sale of volumes of a law cyclopedia containing an article written principally by complainant, in a form and with annotations which it was alleged would cause irreparable injury to complainant's reputation as a law writer, it appeared that such volumes had already been published, copyrighted, and extensively sold in connection with others of the series, and that complainant had recovered a judgment at law for damages covering, to some extent at least, the same matters, which was under review in an appellate court. *Held*, that the injunction should be denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Literary Property, § 8.]

In Equity. On motion for preliminary injunction.

Frank Harvey Field (Frank Harvey Field, Ernest H. Wells, and Howard P. Nash, of counsel), for complainant.

William B. Hale (Charles N. Judson, of counsel), for defendant.

CHATFIELD, District Judge. The complainant has filed a bill asking for an injunction with relation to an article published by the American Law Book Company in the Cyclopedia of Law & Procedure under the head of "Evidence." This article is contained in 17 chapters, of which 10 are contained in volume 16 of the Cyclopedia, and the remaining seven are contained in volume 17 of that publication. The entire article bears the title "Evidence," with a footnote as follows:

"The author and editor of particular sections are indicated in a footnote at the beginning of each section. The entire article was revised and edited by Charles C. Moore and Wm. Lawrence Clark."

At the head of chapters 1, 10, and 11 is the title of the chapter, with a star referring to a footnote:

"By Charles F. Chamberlayne. Revised and edited by Wm. Lawrence Clark."

The second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, twelfth, and thirteenth chapters have a star reference as a footnote:

"By Charles F. Chamberlayne. Revised and edited by Charles C. Moore and Wm. Lawrence Clark."

The fourteenth chapter has a star footnote:

"By A. S. H. Bristow. Revised and edited by Charles C. Moore and Wm. Lawrence Clark."

The fifteenth chapter has a footnote:

"By Hiram Thomas. Revised and edited by Charles C. Moore and Wm. Lawrence Clark."

The sixteenth chapter has a footnote:

"By Joseph Walker Magrath. Revised and edited by Charles C. Moore and Wm. Lawrence Clark."

The seventeenth chapter has a footnote:

"By Charles C. Moore."

The allegations of the bill are substantially with relation to the making of a contract under which the complainant performed work and wrote substantially the greater portion of the article "Evidence," and that the defendant, with intent to injure the complainant, and in alleged violation of its agreement, caused 4 of the 17 chapters to be written by persons other than the complainant, and then printed the entire article, consisting of the 17 chapters, in the manner above set forth. The complainant alleges that the four chapters written by other persons contained a different treatment and different propositions of law from the main portions written by the complainant, and that the publication of the four chapters in one general treatise damages the complainant as a writer and specialist on the law of evidence; that the joining of the names of the editors and the additional writers who are alleged to be not writers of standard reputation upon the law of evidence deprives the complainant of credit which he would otherwise obtain, and places him in the class of the other writers, to his injury. The complainant further alleges that the article written by him was not "revised and edited" any more than the other subjects throughout the entire cyclopedia to which no footnotes with relation to revising and editing were appended, and that the manner of printing, publishing, and circulating not only the large number of volumes already in print, but the continued issuance of the volumes in question, has caused and will cause great and irreparable damage to the reputation and fame of the complainant, who had been advertised as engaged in writing the article for the purpose of this book. The complainant further recites an action previously tried in this court for damages between these same parties, which was determined in favor of the complainant, and asks relief in the form of a permanent injunction as to the first thirteen chapters, and as to so much of the last four chapters as contain the complainant's name with others as joint authors, with omission of the statement of revising and editing; and also demands that the American Law Book Company be required to set forth the true rights and standing of the complainant as sole author of the treatise on evidence, with a separate statement as to the preparation and writing of the last four chapters, and the issuance of those four chapters under a separate title, together with the costs of the action, etc.

The complainant has moved for a temporary injunction pending the outcome of the suit, based upon the complaint and affidavits reciting the particulars of the above transactions, and the various details in which he alleges the four chapters written by other persons failed to carry out the scheme and theory of the entire article as planned by himself.

The contract on which the action at law previously tried was based is also set up, and certain affidavits of publishers, as to custom, are furnished, to the effect that no publisher or editor is justified in adding to or changing the essential features of a publication of this character. A further affidavit is presented by one George W. Kirchwey, Dean of Columbia University, to the effect that previous to the publication of the cyclopedia in question he had never heard of Charles C. Moore, William Lawrence Clark, A. S. H. Bristow, Hiram Thomas, or Joseph Walker Magrath as writers upon the subject of evidence, that these gentlemen have no reputation as authorities upon that subject, and that the manner of printing and compiling the article in question as published has caused said Kirchwey in his educational work to treat the entire article as a digest and not as a text-book or treatise. The defendant has answered these affidavits by affidavits of some of the same publishers, to the effect that they have no knowledge of the methods of writing law encyclopedias, and that custom does not control in the face of the existence of a definite contract, together with other affidavits, that in work upon encyclopedias of law the revising editors make changes, and exclude and include portions of articles in some cases without consultation with the authors. Another affidavit by R. W. Dumont recites a large portion of the contentions made by the defendant in the action at law recently tried in this court, sets up the pleadings in a third action previously brought in this court for an injunction prior to the institution or trial of the action at law, which has been above referred to. The former action for injunction was based upon the publication of the first 10 chapters of the article in volume 16 of the cyclopedia, and resulted in a denial of the application for a preliminary injunction in that suit. This affidavit also recites the correspondence between the parties, which comprised many of the exhibits in the trial of the action at law. The affidavit also includes a copy of the order ultimately dismissing the previous application for a permanent injunction for failure to prosecute the same, and the decision of the Appellate Division of the New York Supreme Court, in the First Department, in an action brought by one Jones, a law writer, against the American Law Book Company. Affidavits of Wm. Lawrence Clark, A. S. H. Bristow, Hiram Thomas, and Joseph Walker Magrath, and that of Adeline Sessions, stenographer, furnish much of the testimony and statements upon which the action at law in which damages were awarded to the complainant was determined. The affidavit of William B. Hale recites the various actions brought by the complainant against the defendant, and also sets forth from the record of the action at law, the charge of the court, the rendition of a verdict, and statements as to the taking of an appeal by writ of error, which is now pending in the Circuit Court of Appeals. Upon this record, the issues of the proceedings of the action at law, and the ideas of the court with reference thereto, are made a part of the present application for an injunction, and are, as well, urged in opposition to the issuance of such an injunction.

It is difficult to separate the ideas which the court had in determining the amount of the former verdict from the questions presented

upon this record. The granting of this preliminary injunction would, in effect, be a determination upon the merits of this action, inasmuch as the theory of the present bill in alleging irreparable damage must necessarily contemplate a continuing injury like trespass upon the literary property of the defendant in an unpublished manuscript. If the complainant is entitled to a preliminary injunction because such continuing trespass exists, if the publication be sold in its present form, the court would necessarily be compelled to hold that the same continuing trespass would be sufficient to entitle the complainant to a permanent injunction upon the issues, inasmuch as the affidavits substantially raise questions of law, and no issues of fact seem to be involved. The large previous issue of the cyclopedia, the fact that it has been copyrighted in its present form, and the difficulties connected with the use of the books by those already owning copies, the inconvenience to subsequent purchasers and users if the style of the book be changed, or the reference to certain parts or pages be made impossible—all these bear against the issuance of an injunction by which the publication of the cyclopedia in the same form, so far as the subject-matter is concerned, might be interrupted. It is true that a partial injunction, requiring the publishers of the cyclopedia to alter the form of the headnotes, classifications, and general index, might be possible and might afford Mr. Chamberlayne relief from the injuries which this court found upon the trial of the action at law, and because of which its verdict was rendered. But the effect of publication and copyrighting has intervened since the trespass considered in the previous action, and cannot be satisfactorily determined on this motion and at this time.

There is also a serious dispute of law as to whether the verdict rendered for the illegal appropriation of Mr. Chamberlayne's literary property, as stated by the court in its verdict to have been estimated upon an assumption that the publication was to continue in its present form, would prevent any further recovery of damages, if further use of the publication were made. That verdict was a determination of the damages suffered by Mr. Chamberlayne up to the time of the suit, and was in the nature of exemplary damages, inasmuch as no evidence of actual damage had been furnished in the case, and, as was said by the court, was estimated up to the time of the verdict, with the thought in mind that the company might or might not be held in another suit subject to further damage, if additional injury should be inflicted. It is apparent that it was not intended to determine that $2,500 was all the damage which could be recovered at any time, if it should be subsequently held that the right to further damage continued after the rendition of such verdict, after publication, and after copyright. Nor was it determined whether or not Mr. Chamberlayne had the right to claim additional damage, provided the publication should be continued in the same form, and provided a court should hold that act actionable. If Mr. Chamberlayne can show that because of the former verdict, or for any other reason, the jurisdiction of a court of equity is needed in order to adjust the equities between the parties, and prevent a wrong that cannot be measured in pecuniary damages, that matter can be dis-

posed of on final argument of the case after the taking of testimony. But no such situation is shown at the present time, and pending the determination of the appeal from the former judgment, and as well pending a hearing upon the testimony which may be offered in this suit, it would seem that the sale of so many of the defendant's books as may be disposed of in that interval cannot so add to the injury which Mr. Chamberlayne claims to have suffered as to entitle him now to an injunction stopping the publication and sale of the cyclopedia as a whole, or compelling withdrawal from sale of the particular volumes or portions of volumes involved in this action.

The motion for a preliminary injunction must be denied.